IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS | § | |
| v. | § | CIVIL ACTION NO. 6:23cv84 |
| WARDEN GRACIA, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Alex Adams, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants in Plaintiff's amended complaint are Warden Gracia, Major Ragsdale, the Central Grievance Office, the law library at the Coffield Unit, and the commissary staff at the Coffield Unit.

**I. Background**

On April 3, 2023, Plaintiff was ordered to pay an initial partial filing fee of $23.00, in accordance with 28 U.S.C. §1915(b).[1] On April 12, 2023, Plaintiff filed a response to this order saying that he included a records release authorization form with his original complaint and that the law library is refusing to provide him with an inmate trust account data sheet. Plaintiff did not mention the filing fee which the Court assessed nor show cause for his failure to pay this fee; the

---

[1] A few days after this lawsuit was filed, Plaintiff accumulated his third strike under 28 U.S.C. §1915(g). *See* Adams v. Layton, civil action no. 6:22cv436 (E.D. Tex. Feb. 16, 2023)(dismissing for failure to state a claim upon which relief can be granted); Adams v. Lumpkin, civil action no. 6:22cv177 (E.D. Tex. Jun. 28, 2022) (same); Adams v. Lumpkin, civil action no. 6:21cv196 (E.D. Tex. Jan. 21, 2022) (same). Because this lawsuit was filed before final judgment was entered in cause no. 6:22cv436, the Court treats the present lawsuit as not barred by §1915(g).

fact that he has filed numerous lawsuits and appeals does not set aside his obligation to pay the required fee in each of those cases. *See* Atchison v. Collins, 288 F.3d 177, 180-181 (5th Cir. 2002). Plaintiff has failed to prosecute his case and his lawsuit may be dismissed on that basis.

However, Plaintiff's complaint has a more significant flaw. Plaintiff was ordered to file an amended complaint setting out a short and plain statement of his claims, including identifying the individual or individuals whom he wished to sue and providing the facts giving rise to his claims. He filed his amended complaint on March 20, 2023. The Fifth Circuit has held that an amended complaint supersedes the original and renders it of no legal effect unless it specifically refers to and adopts the original, which Plaintiff's amended complaint does not. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). The statement of claim in his amended complaint reads, in its entirety, as follows:

> Prisoner's civil and human rights were violated on 12-28-21 I was assaulted by Sgt. Caldwell. I was put in a cell named and was sprayed with 5 cans of gas. It [is] called SOS. I was there for over 30 days. On 5-3-22 I was once again put on SOS, this time until 8-3-22. I wrote several grievances and have forwarded them to the Court. Grievance tell me it not grievable. I was denied access to courts. I could not respond to court orders to amend etc. or anything during that time. I was refused the 14 day spend because of SOS status.

In listing the defendants, Plaintiff says of Warden Gracia that "I was assaulted and he signed off on it." He says of Major Ragsdale that "I was assaulted, denied my civil and human rights." He complains that the Central Grievance Office "said issues were not grievable, etc.," and that the Coffield Unit law library "failed and did file several complaints on conduct" [sic]. Plaintiff says about the commissary staff that "by policy we are permitted a spend every 14 days."

**II. Discussion**

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. Twombly, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Id. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. Rios v. City of Del Rio, Tex., 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. Chhim v. University of Texas at Austin, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010), *citing* Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. Rios, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might"

be able to state a claim if given yet another opportunity to amend the complaint. Macias v. Raul A. (Unknown), Badge No. 153, 3 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

Id. at 97.

After complaining that he was assaulted by Sgt. Caldwell, Plaintiff complains that Warden Gracia "signed off on it," presumably meaning that the warden denied a grievance which he filed.[2] Plaintiff does not have a constitutional right to have his grievances answered to his satisfaction. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Staples v. Keffler, 419 F.App'x 461, 2011 U.S. App. LEXIS 5778, 2011 WL 989818 (5th Cir., March 21, 2011). He has failed to state a claim upon which relief may be granted against Warden Gracia.

In addition, court records show that Plaintiff previously filed a separate lawsuit about the alleged assault by Sgt. Caldwell on December 28, 2021, in which he also names Warden Gracia as a defendant. Adams v. Caldwell, et al., civil action no. 6:23cv83. This lawsuit remains pending.

A complaint is malicious when it duplicates allegations of another pending federal lawsuit by the same plaintiff or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. Green v. Cain, civil action no. 21-35, 2022 U.S. Dist. LEXIS 11150, 2022 WL 193574 (M.D.La., January 3, 2022), *Report adopted at* 2022 U.S. Dist. LEXIS 11347, 2022 WL 188143 (M.D.La., January 20, 2022), *citing* Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). Plaintiff's claims against Warden Gracia in the present case arise from a common nucleus of facts which could have been brought in the prior litigation, and therefore

---

[2] Although Plaintiff asserts that he forwarded grievances to the Court, the records of this case and of 6:23cv83 do not contain any grievances.

may be dismissed as malicious as well as for failure to state a claim upon which relief may be granted.

Plaintiff says that he was assaulted by Sgt. Caldwell and that Major Ragsdale "denied his civil and human rights" in some unspecified way. This is simply a formulaic recitation of the elements of a cause of action which provides only a naked assertion devoid of further factual enhancement. The bare allegation of denial of civil and human rights, without more, merely creates a suspicion of liability and lacks a factual allegation regarding any required element necessary to obtain relief. Consequently, Plaintiff has failed to state a claim upon which relief may be granted against Major Ragsdale.

The Central Grievance Office of TDCJ is a sub-unit of the Texas Department of Criminal Justice and has no separate jural existence. As such, it cannot be sued in its own name. *See* Darby v. Pasadena Police Department, 939 F.3d 311, 313 (5th Cir. 1991). The Court's order directing Plaintiff to amend his complaint (docket no. 3) specifically told him to name the *individual or individuals* whom he wished to name as defendants.

Even if the Central Grievance Office were a proper Defendant, Plaintiff has failed to state a claim because he complains that the grievance office told him certain issues were not grievable. As noted above, Plaintiff does not have a constitutional right to have his grievances answered to his satisfaction. Geiger, 404 F.3d at 373-74. He has failed to state a claim upon which relief may be granted against the Central Grievance Office.

The Coffield Unit law library likewise has no separate jural existence and cannot be sued in its own name. Plaintiff says of the law library that it "failed and did file several complaint on conduct," but this cryptic allegation falls well short of stating a claim which is plausible on its face and which raises a right to relief above he speculative level, even if the library was capable of being sued or that Plaintiff's claim was construed as being against the individuals who worked in the law library. Plaintiff's claim against the Coffield Unit law library thus fails to state a claim upon which relief may be granted.

The final Defendant named in Plaintiff's amended complaint is the "Coffield Unit commissary staff," an entity which also lacks a separate jural existence and thus cannot be sued in its own name. Plaintiff likewise has not stated a claim against the Coffield Unit commissary staff. He appears to allege that he was denied commissary privileges while in the housing status he calls "SOS," saying that "by policy we are permitted a spend every 14 days." The denial of commissary privileges does not implicate any constitutional rights. *See, e.g.*, Sanchez v. Allen, 611 F.App'x 792, 2015 U.S. App. LEXIS 6751, 2015 WL 1843542 (5th Cir., April 23, 2015); Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Although Plaintiff complains of a violation of "policy," the Fifth Circuit has held that a failure to follow TDCJ regulations does not rise to the level of a constitutional claim. Williams v. Stephens, 547 F.App'x 599, 2013 U.S. App. LEXIS 23502, 2013 WL 6154138 (5th Cir., November 22, 2013), *citing* Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Plaintiff has failed to state a claim upon which relief may be granted and his lawsuit may be dismissed on this basis.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to state a claim upon which relief may be granted. While this dismissal should be without prejudice, Plaintiff is reminded that he has now accumulated three strikes under 28 U.S.C. §1915(g) and any refiling of this lawsuit will be subject to the requirements of that statute.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Commission</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. <u>Duarte v. City of Lewisville</u>, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 6th day of June, 2023.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE