IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN GRACIA, et al.,<br><br>    Defendants. | § § § § § § § § § § § § | Case No. 6:23-cv-84-JDK-JDL |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Alex Adams, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On June 6, 2023, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case without prejudice for failure to state a claim upon which relief can be granted.  Docket No. 10.  Plaintiff filed objections.  Docket No. 11.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff objects that he wants to press charges for being assaulted and sexually harassed. Docket No. 11 at 1. However, he cannot press criminal charges because this is the function of the prosecutor, not a private citizen. *Gill v. Texas*, 153 F. App'x 261, 262–63 (5th Cir. 2005). Further, there is no constitutional right to have someone else criminally prosecuted. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1991).

Plaintiff next complains that he has reported several instances of TDCJ staff misconduct, but the Court "just ignores crimes against inmates." Docket No. 11 at 1. He also questions how he can pay the mandatory filing fee when all of his money is taken upon his receiving a deposit. *Id.* at 2. As the Report correctly observes, Plaintiff has filed numerous lawsuits and appeals and must pay the required fee in each of those cases. The Report cites *Atchison v. Collins*, 288 F.3d 177, 180–81 (5th Cir. 2002), where the Fifth Circuit determined that the statutory requirement of monthly payments of twenty percent of the preceding month's income applied "per case" rather than "per prisoner." *See* Docket No. 10 at 1–2. In making this determination, the Fifth Circuit acknowledged that applying the requirements "per case" could result in all of a prisoner's income being collected to pay filing fees, but stated that this did not pose a serious constitutional question and was consistent with the plain language of the statute. *Atchison*, 288 F.3d at 181. Thus, even if Adams

correctly alleges that all of his money is taken upon receiving a deposit, he has not shown any constitutional violation.

Plaintiff next objects that Warden Gracia signed off on a number of his grievances. Docket No. 11 at 2. But as the Report explains, this does not set out a constitutional violation because Plaintiff has no constitutional right to have his grievances resolved to his satisfaction. Docket No. 10 at 4 (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)).

Plaintiff objects that he could not name anyone in the Central Grievance Office because he sent his grievances to the Court. Docket No 11 at 2. But Plaintiff does not address the Report's conclusion that he does not state a claim against the Central Grievance Office because the office cannot be sued in its own name and because he lacks a protected liberty interest in having his grievances resolved to his satisfaction. Docket No. 10 at 5.

Plaintiff also contends that he could not get the names of the law library personnel. Docket No. 11 at 3. On this issue, the Report explains that, like the Central Grievance Office, the library has no separate jural existence that allows it to be directly sued. Docket No. 10 at 5. Further, the Report explained that Plaintiff's "cryptic allegation falls well short of stating a claim upon which relief may be granted." *Id.* Thus, the issue is not the identity of the librarians, but rather, Plaintiff's failure to allege facts demonstrating a constitutional violation. Plaintiff's objection fails to cure this problem.

Plaintiff also objects to the dismissal of his claims against the commissary staff. Docket No. 11 at 3. But again, Plaintiff's objections fail to address the fact that the commissary staff lacks a separate jural existence to be sued and the Report's conclusion that denial of commissary privileges does not implicate any constitutional rights. Docket No. 10 at 6.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 10) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Plaintiff has now accumulated three strikes and is subject to the provisions of 28 U.S.C. 1915(g).

So **ORDERED** and **SIGNED** this **31st** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE